OPINION OF THE COURT
Kevin C. Fogarty, J.
On November 1, 1979, a petition was filed charging that the respondent committed acts which if committed by an adult would constitute the crime of criminal trespass, third degree (Penal Law, § 140.10). The petition alleges that on or about October 24, 1979 at 8:20 a.m. at I. S. 238, 88-15 182nd Street, Hollis, the respondent did knowingly enter and remain unlawfully in the school which is fenced and otherwise enclosed in a manner designed to exclude intruders. The petitioner, who is a representative of the school, did not give the respondent permission or authority to enter or remain in the school.
On January 11, 1980, a hearing was commenced. After the petitioner presented the case in chief, the respondent’s attorney made a motion to dismiss the petition for failure to establish a prima facie case. The court requested briefs addressing the issue of whether entering an enclosed schoolyard without permission and in violation of "no trespass” signs is a violation of the aforesaid statute.
Section 140.10 of the Penal Law states that a person is guilty of criminal trespass in the third degree "(a) when he knowingly enters or remains unlawfully in a building or upon real property which is fenced or otherwise enclosed in a manner designed to exclude intruders, or (b) when he knowingly enters or remains unlawfully in a building that is an elementary or secondary school in violation of conspicuously posted rules or regulations governing entry and use thereof or in violation of a personally communicated request to leave the premises from a principal, custodian or other person in charge thereof.” This statute was amended on September 1, 1979 by the addition of subdivision (b).
The respondent argues that since subdivision (b) of section *172 140.10 of the Penal Law lacks the words "upon real property which is fenced or otherwise enclosed”, it follows that remaining on the real property of a school is not covered by this section. According to the respondent, the Legislature dealt with school property separately and thus intended to exclude it from subdivision (a) of section 140.10 of the Penal Law.
The respondent further argues that the acts alleged by the petition constitute a violation of subdivision 5 of section 240.35 of the Penal Law, which is the loitering statute. A person is guilty of loitering when he "5. Loiters or remains in or about school grounds, a college or university building or grounds, not having any reason or relationship involving custody of or responsibility for a pupil or student, or any other specific legitimate reason for being there, and not having written permission from anyone authorized to grant the same”. This statute was also amended on September 1, 1979 by the substitution of "school grounds” for "a school”. The insertion of the word "grounds” into section 240.35 of the Penal Law together with the word’s exclusion from section 140.10 of the Penal Law demonstrates, according to the respondent, the Legislature’s intent to exclude school grounds from the criminal trespass statute.
This court finds that the respondent’s arguments lack merit. The addition of subdivision (b) to section 140.10 of the Penal Law is part of "a larger enactment aimed at making school environments safer for pupils and teachers”. (Hechtman, Supplementary Practice Commentary, McKinney’s Cons Laws of NY, Book 39, Penal Law, § 140.10, 1979-1980 Pocket Part, pp 7-8.) In fact, Hechtman states that the added subdivision is of doubtful substantive value since "school buildings” have never been excluded from the definition of "building” and thus have always been within the purview of this section. (See, e.g., Matter of Luis C., 66 Misc 2d 907.)
The same logic is applicable to "real property which is fenced or otherwise enclosed.” The fact that school grounds are not specifically referred to in subdivision (a) of section 140.10 of the Penal Law would not prevent this court from finding a person who knowingly entered or remained unlawfully on school property which was fenced or otherwise enclosed guilty of criminal trespass in the third degree. Courts have included school buildings within the definition of buildings; it follows that courts can include school grounds within the definition of real property.
*173 As to the respondent’s second argument that a specifically applicable law prevails over the general one, this court again finds the Practice Commentary enlightening. Hechtman states: "If [subdivision 5 of section 240.35 of the Penal Law] is read together with amended § 140.10, it may have been intended to relegate this loitering offense (a violation) to school 'grounds’ only (e.g., the schoolyard) while loitering in the school building itself would be Criminal Trespass in the Third Degree (a class B misdemeanor). It is difficult to perceive why this result would be desired since Loitering and Criminal Trespass define separate offenses having different elements.” (Hechtman, Practice Commentary, McKinney’s Cons Laws of NY, Book 39, Penal Law, § 240.35, p 316.) In other words, subdivision 5 of section 240.35 of the Penal Law with its specific reference to school grounds does not act as a bar to the enforcement of subdivision (a) of section 140.10 of the Penal Law as to a person found trespassing upon real property, including school grounds, which is fenced or otherwise enclosed.
In a similar case, Judge Nanette Dembitz of the Family Court dealt with the principle that an expressly applicable law prevails over the general one. In Matter of Luis C. (supra), the respondents argued that the general provision as to trespass in "a building” was inapplicable to public schools because loitering in a school was specifically prohibited by another provision of the Penal Law. (This 1971 case was decided before the recent amendment to section 140.10 of the Penal Law.) This argument was easily disposed of by that court: "The rule of the specific prevailing over the general seems inapplicable here, because the offenses of trespass and loitering are significantly different. The term 'knowingly,’ which is included in the definition of trespass in section 140.10 of the Penal Law is omitted from the definition of loitering in section 240.35 of the Penal Law; and, as will be hereinafter shown, this term requires proof of the individual’s actual knowledge of the illegality of his conduct. This difference marks an important distinction between third degree criminal trespass as applied to a public school, and loitering in a public school; and it justifies the higher degree of criminality attached to trespass. Further, as a matter of policy there seems no reason to exclude schools from the higher degree of offense.” (Matter of Luis C., supra, at p 909.)
When this reasoning is applied to the instant proceeding, it *174 becomes evident that the respondent’s arguments must fail. Although both statutes have been amended since the 1971 decision, they retain the significant difference referred to by Judge Dembitz in that section 140.10 of the Penal Law requires knowledge as one of its elements while section 240.35 of the Penal Law does not. Hence, the higher degree of criminality attached to trespass is justified as applied to school grounds. As stated above, as a matter of policy, there seems no reason to exclude school grounds from the higher degree of offense.
The respondent’s motion to dismiss the petition is denied.
This proceeding remains on the calendar for trial on February 28, 1980 in Part III.